**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **BRYNNE SOUKUP,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | **Civil Action No. 1:20-CV-648-RP** |
| | § | |
| **FRONTIER AIRLINES, INC. AND** | § | |
| **FLIGHT SERVICES & SYSTEMS, LLC,** | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANT FRONTIER AIRLINES, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Frontier Airlines, Inc. ("Frontier") demonstrated in its opening brief[1] that none of the causes of action in the First Amended Complaint[2] filed by Plaintiff Brynne Soukup's ("Plaintiff") state a claim upon which relief can be granted. Plaintiff's Response[3] fails to controvert Frontier's arguments. For the reasons set forth in Frontier's Motion and below, Plaintiff's Complaint should be dismissed with regard to Defendant Frontier.

**I.
ARGUMENT**

*A. Plaintiff failed to plead facts to show that Frontier was her employer*

As an initial matter, all of Plaintiff's claims against Frontier should be dismissed because Frontier does not, nor has it ever, employed Plaintiff. Plaintiff does not make sufficient allegations to establish a joint employer relationship with Frontier, and Plaintiff misconstrues the standard by which the Court must determine whether such a relationship exists.

---

[1] ECF No. 10.
[2] ECF No. 7.
[3] ECF No. 12.

**DEFENDANT FRONTIER AIRLINES, INC.'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS - Page 1**

First, the parties agree that to determine a joint employer relationship within a Title VII

claim, the Fifth Circuit applies the "hybrid economic realities/common law control test." Yet

Plaintiff then incorrectly applies FLSA case law to the analysis, rather than the clear standards set

under anti-discrimination law.[4] *See Herman v. Express Sixty-Minutes Delivery Serv., Inc.*, 161

F.3d 299, 303 (5th Cir. 1998) (analyzing "employee status under the FLSA"). As such, Plaintiff's

analysis of whether "the worker is economically dependent upon the alleged employer" is

irrelevant. *See Hopkins v. Cornerstone Am.*, 545 F.3d 338, 347 (5th Cir. 2008) (discussing the

distinctions between the analyses for employment under the FLSA, and the hybrid economic

realities/common law control test used in Title VII cases, and finding that "[b]ecause this hybrid

test focuses on traditional agency notions of control, it results in a narrower definition of employee

than under a true economic realities test."). Further, Plaintiff states, "regarding the [common law

control] portion of the hybrid test, the right to control an employee's conduct is the most important

component."[5] The right to control the employee's conduct is not merely the most important

component of a *portion* of the test; it is the most determinative piece of the *entire* analysis. *See*

*Muhammad v. Dallas County Cmty. Supervision & Corr. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007);

*Deal v. State Farm Cty. Mut. Ins. Co. of Texas*, 5 F.3d 117, 119 (5th Cir. 1993).

The standards of the "hybrid economic realities/common law control" test as applied to

Title VII claims are clear:

> The most important component of this test is the right to control the employee's
> conduct. When examining the control component, we have focused on whether the
> alleged employer has the right to hire, fire, supervise, and set the work schedule of
> the employee . . . The economic realities component of the test focuses on whether
> the alleged employer paid the employee's salary, withheld taxes, provided benefits,
> and set the terms and conditions of employment.

---

[4] *Id.* at ¶ 2.
[5] *Id.* at ¶ 3.

*Muhammad*, 479 F.3d at 380 (internal quotations and alterations omitted).

In any event, Plaintiff's allegations remain a far cry from plausibly showing that Frontier was a joint employer. In an effort to save her claims, Plaintiff repeats several allegations from the Complaint, none of which goes to the critical "right to control" element of the test, nor do they establish any "economic realities." For example, Plaintiff argues that she plausibly alleged joint employer liability because she "worked in close association with, and often at the direction of" Frontier employees, and that she was "expected to conduct business for and on behalf" of Frontier, "in accordance with its policies and procedures."[6] These allegations are not sufficient to demonstrate control and supervision, but rather are consistent with the type of security procedures and oversight that any airline would have with respect to an individual working on its premises. As another example, Plaintiff states that "ultimately," Frontier's employees "had the right to control FSS employees" and that "Plaintiff was largely economically dependent upon the business."[7] Yet such conclusory statements are unsupported by any alleged facts, and are irrelevant to the analysis.

Instead, Plaintiff's own allegations show that only FSS had control over her employment: (1) FSS, **not** Frontier, hired her and promoted her to Regional Director of Operations;[8] (2) FSS, **not** Frontier, paid Plaintiff her wages;[9] and (3) FSS, **not** Frontier, required her to accept a transfer or else face termination of her employment.[10] Thus, Frontier's lack of workplace control over Plaintiff, which is the most important factor in the joint employer analysis, and the method and form of compensation, demonstrate that Frontier was not Plaintiff's employer. *E.g.*, *Reith v. TXU*

---

[6] *Id.* at ¶ 4.
[7] *Id.*
[8] ECF No. 7, ¶¶ 10-12.
[9] *Id.* at ¶ 12.
[10] ECF No. 10, Ex. A ("FSS was requiring me to accept a transfer to New Orleans, LA. Per a correspondence dated February 25, 2019 from [a Human Resources Manager for FSS] I had until March 10, 2019 (13 days) to agree to the transfer or else I would be terminated.").

*Corp.*, No. 4:05-CV-33, 2006 U.S. Dist. LEXIS 16813 (E.D. Tex. Apr. 4, 2006) (even where putative joint employer exercises some control, plaintiff did not establish a joint employer relationship without actual authority to fire or transfer him); *Mayes v. Kelly Servs., Inc.*, No. 4:03-CV-091-A, 2004 U.S. Dist. LEXIS 29675 (N.D. Tex. Feb. 11, 2004), *aff'd* 108 Fed. Appx. 932 (5th Cir. 2004) (no joint employer relationship where putative joint employer did not pay "plaintiff's salary, withheld taxes, provided benefits, and set the terms and conditions of his employment."). Indeed, Plaintiff does not allege that Frontier set her work schedule, maintained a personnel file for her, paid her salary, withheld taxes on her behalf, provided benefits, maintained medical records on her, set the terms and conditions of her employment or had any authority to terminate her or transfer her to a new location. On these alleged facts alone, it is clear that Frontier did not employ Plaintiff. *See Reith* 2006 U.S. Dist. LEXIS 16813 (while putative joint employer had authority to determine when it no longer needed plaintiff's services, **there was no joint employer relationship where the company did not have actual hiring, firing, or promotion authority**);[11] *Barnes v. Colonial Life & Accident Ins. Co.*, 818 F. Supp. 978, 981 (N.D. Tex. 1993) (no employment relationship where defendant did not set plaintiff's schedule or hours, and did not keep a personnel file or medical records on plaintiff).

In short, Plaintiff's Response merely quotes her allegations from the Complaint, along with an incorrect standard for the hybrid test, and gives no further analysis or authority. Therefore, Plaintiff's claims against Frontier should be dismissed with prejudice.

### B. Plaintiff failed to state a plausible disparate treatment or retaliation claim against Frontier

Defendant argues in detail within its Motion that Plaintiff failed to state a plausible claim

---

[11] As shown in Frontier's Motion, Plaintiff does not allege that Frontier had authority to terminate the employment of FSS workers. ECF No. 10, at 6. Rather, she alleges that Frontier had authority to end their assignment with Frontier. *Id.* Such allegations mirror those of *Reith*, where the court found that no joint employer relationship existed.

of disparate treatment discrimination because of gender identity. In her Response, Plaintiff's arguments are solely dedicated to conclusions and speculation that "Frontier played a signification role in her termination," and that she "suspects" that the "ultimate responsibility for her termination may rest with Frontier."[12] Yet these allegations are insufficient to state a plausible claim.

Plaintiff claims without citation that her Complaint "alleged sufficient facts for her to continue developing this theory through discovery." Yet Plaintiff did not include such allegations in her Complaint. In particular, Plaintiff did not allege any facts rising above bald speculation, which show that Frontier offered any input into FSS's decision to transfer or terminate Plaintiff's employment, that Frontier discussed this decision (or any other issue involving Plaintiff) with FSS, or even that Frontier was aware of the decision.  At this stage, while all factual disputes are resolved in Plaintiff's favor, the Court need not accept as true conclusory statements based solely "on information and belief." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (finding that "the district court correctly held that the prima-facie-case requirement does not require the court to credit conclusory allegations," which in that case, included allegations made "on information and belief."); *Terraspan, LLC v. Rave, LLC*, No. 3:12-CV-0816-K, 2012 U.S. Dist. LEXIS 174672 (N.D. Tex. Dec. 10, 2012) (dismissing claims where allegations were made "upon information and belief," and stating that "[w]here a plaintiff's facts do not make an inference of impermissible conduct of the defendant more likely than an inference of permissible conduct, the plaintiff's right to relief is not a plausible conclusion.").

Further, Plaintiff's Response ignores Frontier's arguments that Plaintiff failed to set forth a single comparator whom she believes was treated more favorably, or was not transferred or terminated under nearly identical circumstances. *See Williams v. Health Texas Provider Network*,

---

[12] ECF No. 12, ¶ 10.

**DEFENDANT FRONTIER AIRLINES, INC.'S REPLY IN SUPPORT**
**OF ITS MOTION TO DISMISS - Page 5**

No. 3:16-CV-391-M-BK, 2017 U.S. Dist. LEXIS 92449, at *5 (N.D. Tex. June 1, 2017), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 92458 (N.D. Tex. June 15, 2017) (dismissing sex-based discrimination claim when plaintiff failed to point to any female comparators treated more favorably than himself); *see also Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 427 (5th Cir. 2017) (affirming summary judgment against plaintiff on discrimination claim when plaintiff failed to identify a single comparator outside of his protected class).

Against this backdrop, Plaintiff has not plausibly pleaded that Frontier was responsible for any adverse employment action against Plaintiff, nor that any adverse action was because of her gender identity. Accordingly, Plaintiff's disparate treatment claim against Frontier should be dismissed. Plaintiff's retaliation claim fails for this same reason.

### C. Plaintiff failed to exhaust her administrative remedies with respect to her hostile work environment claim against Frontier

In her Response, Plaintiff states that she "asserted her hostile work environment claim during the administrative process as early as her initial EEOC Charge," and thereafter in her "written response to Frontier's Position Statement." By that argument, Plaintiff's Response misstates the content of her Charge, and her own exhibit. Instead, Plaintiff's assertions are related to discrete issues of alleged discrimination, and did not put Frontier on notice of a hostile work environment claim. Thus, Plaintiff's hostile work environment claim should be dismissed for failure to exhaust administrative remedies.

As an initial matter, Plaintiff claims that in her rebuttal to Frontier's EEOC Position Statement, she "dedicated an entire section to outlining her hostile work environment claims, explicitly using the term 'hostile work environment' repeatedly while doing so."[13] This is false. Plaintiff's Rebuttal states:

---

[13] *Id.* at ¶ 14.

**DEFENDANT FRONTIER AIRLINES, INC.'S REPLY IN SUPPORT**
**OF ITS MOTION TO DISMISS - Page 6**

However, even assuming, *in arguendo*, that Respondents are not joint employers, **FSS** does not escape liability as a matter of law. In its position statement, **FSS claims** that "Courts have routinely held that employers are not responsible for the acts of third parties who discriminate against employees". This is a misstatement of well-established Title VII law. *See* 29 C.F.R. § 1604.11(e); *Gardner v. CLC of Pascagoula, LLC,* No. 17-60072 (5th Cir. 2018) ("Claims of sexual harassment typically involve the behavior of fellow employees. But not always. Because the ultimate focus of Title VII liability is on the employer's conduct—unless a supervisor is the harasser, a plaintiff needs to show that the employer knew or should have known about the hostile work environment yet allowed it to persist."). Specifically, "[a]n employer who condones or tolerates the creation of [a hostile work] environment should be held liable regardless of whether the environment was created by a co-employee or a nonemployee, since the employer ultimately controls the conditions of the work environment." *Lockard v. Pizza Hut, Inc.*, 162 F.3d 1062, 1073 (10th Cir. 1998).[14]

Plaintiff neglects to mention that this Rebuttal is not in response to Frontier's position statement, but in response to the separately-filed position statements of **both** Frontier and FSS. In fact, the vast majority of Plaintiff's Rebuttal is solely in response to arguments raised by FSS, and Plaintiff makes only **one** direct reference to the arguments made by Frontier in its position statement (in discussing joint employment).[15]

Regardless, Plaintiff's Rebuttal does not outline a hostile work environment claim,[16] nor does it include any discussion of the elements of such a claim, such as a reference to "severe and pervasive" conduct. Instead, Plaintiff's sole discussion of hostile work environment claims, as quoted above, is directed toward FSS, and is located within quoted authority to establish third-party liability. As such, Plaintiff's Rebuttal does not raise a hostile work environment claim before the EEOC.

Plaintiff also argues that her Charge describes "severe and pervasive" conduct, and that she

---

[14] *Id.* at Ex. 1, page 2 (emphasis added).

[15] *Id.* at Ex. 1, page 1.

[16] The above-quoted paragraph of Plaintiff's Rebuttal contains the only references to "hostile work environment," save for a singular reference arguing that Plaintiff was subject to constructive discharge, and comparing the standards of conduct required between the two. Thus, it cannot be said that an entire section, or even an entire sentence of Plaintiff's rebuttal outlines a hostile work environment claim.

**DEFENDANT FRONTIER AIRLINES, INC.'S REPLY IN SUPPORT**
**OF ITS MOTION TO DISMISS - Page 7**

"attempt[ed] to comply with relevant U.S. Supreme Court precedent." Yet Plaintiff provides no authority to show that these descriptions would meet the exhaustion requirement. Rather, Plaintiff's Charge makes three factual allegations: (1) she was "outed" and referred to as a "he-she" and a "waste of space" on December 4, 2018; (2) these sentiments were repeated on January 7, 2019; and (3) she complained to Frontier's HR department, and was thereafter terminated by FSS.[17] These allegations, taken as true, do not constitute severe and pervasive conduct and do nothing to show that the conduct was frequent, physically threatening or humiliating, or interfered with her work performance. *See, e.g.*, *Hill v. Dep't of Veterans Affairs* No. 08-60532, 2009 U.S. App. LEXIS 2814, at *9-10 (5th Cir. Feb. 12, 2009) (per curiam) (examining "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating[;] and whether it unreasonably interferes with an employee's work performance" and holding that three specific instances of discriminatory conduct do not establish a hostile work environment claim); *Bechard v. VIA Metro. Transit*, No. 10-CA-285, 2010 U.S. Dist. LEXIS 106253 (W.D. Tex. Oct. 5, 2010) ("only three discrete instances of discrimination and retaliation" do not meet the exhaustion requirement for a hostile work environment claim); *see also Gonzales-Alemany v. Nicholson*, No. SA-04-CA-0773, 2006 U.S. Dist. LEXIS 70102 (W.D. Tex. Sept. 15, 2006) ("[O]bjectionable conduct must consist of more than rude or offensive comments, teasing, or isolated incidents. The harassment must be so severe and pervasive that it destroys a protected classmember's opportunity to succeed in the workplace.") (internal quotations omitted).

As with her arguments concerning joint employer status, Plaintiff's response fails to refute Frontier's arguments regarding exhaustion of administrative remedies. Instead, Plaintiff makes inaccurate factual statements regarding the content of her administrative filings, and then

---

[17] ECF No. 10, Ex. A.

**DEFENDANT FRONTIER AIRLINES, INC.'S REPLY IN SUPPORT**
**OF ITS MOTION TO DISMISS - Page 8**

concludes (citing no authority in support) that such statements are sufficient to exhaust administrative remedies. Moreover, Plaintiff's Response does not distinguish established case law cited in Frontier's Motion, which dismisses hostile work environment claims involving similar allegations within an EEOC charge. *Bechard*, 2010 U.S. Dist. LEXIS 106253; *Wilson v. City of San Antonio*, No. SA-07-CA-0321, 2008 U.S. Dist. LEXIS 127403, at *11 (W.D. Tex. Aug. 6, 2008) ("Aside from the frequency of the alleged retaliation, none of the other hostile work environment elements exists. Denials of positions/transfers do not conjure images of severe conduct. Wilson has not shown that the City decisionmakers acted in a way that was physically threatening or humiliating. Finally, Wilson has not asserted that the City's repeated denials of her requests have unreasonably interfered with her performance. The Court concludes that a hostile work environment claim cannot reasonably be expected to grow out of Wilson's charge of retaliation discrimination. Thus, her hostile work environment claim should be dismissed for lack of exhaustion.")

### D. Plaintiff failed to state a plausible hostile work environment claim against Frontier

Even assuming that Plaintiff did exhaust her administrative remedies, her hostile work environment claim against Frontier should be dismissed. Plaintiff's Response does not address Frontier's argument that she failed to state a plausible hostile work environment claim, in that her Complaint lacks any plausible allegations relating to two ultimate elements of such a claim.[18] Specifically, Plaintiff failed to plausibly allege that she was subjected to severe and pervasive conduct (that would thereby affect "a term, condition, or privilege of employment"), nor did Plaintiff allege that Frontier "knew or should have known of the harassment in question and failed to take prompt remedial action." *Hernandez v. Yellow Transp. Inc.*, 670 F.3d 644, 651 (5th Cir.

---

[18] *Cf.*, ECF No. 10, at § E.

**DEFENDANT FRONTIER AIRLINES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS - Page 9**

2012) (listing elements). Accordingly, Plaintiff waived her response to this argument. *See, e.g.*, *Charboneau v. Box*, No. 4:13-CV-678, 2017 U.S. Dist. LEXIS 46273, at \*47 (E.D. Tex. Mar. 29, 2017) ("[A] plaintiff's failure to brief an argument in the plaintiff's response to a motion to dismiss generally results in waiver of such argument."); *United States ex rel. Gage v. Rolls-Royce North America Inc.*, No. A-16-CV-803, 2018 U.S. Dist. LEXIS 23541, at \*15 (W.D. Tex. Feb. 13 2018) (same).

## II.
## CONCLUSION

For these reasons and the reasons set forth in its Motion, Frontier respectfully requests that this Court grant its Motion issue an order dismissing all of Plaintiff's claims against Defendant Frontier Airlines, Inc.

Dated: August 25, 2020

Respectfully submitted,

*/s/  Kimberly R. Miers*

Kimberly R. Miers
State Bar No. 24041482
Andrew Gray
State Bar No. 24106023
LITTLER MENDELSON P.C.
100 Congress Avenue, Suite 1400
Austin, Texas 78701
512.982.7250
512.982.7248 – facsimile
kmiers@littler.com
agray@littler.com

**ATTORNEYS FOR DEFENDANT**
**FRONTIER AIRLINES, INC.**

## CERTIFICATE OF SERVICE

On the 25th day of August 2020, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Western District of Texas, Austin Division, using the Electronic Case Filing system of the Court. I hereby certify that I have served all counsel of record via the Court's e-filing system as follows:

*Via Email:  trenton@rosslawgroup.com*
Daniel B. Ross
Trenton Lacy
ROSS SCALISE LAW GROUP
1104 San Antonio Street
Austin, Texas  78701


*/s/ Andrew Gray*
 Andrew Gray


4825-9409-7608.2 057446.1023