EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>451-2019-02058 |
|---|---|---|

Texas Workforce Commission Civil Rights Division                                                     and EEOC
_State or local Agency, if any_

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Brynne R. Soukup | (512) 679-9962 | 07/14/1970 |

Street Address: 1020 E. 45th St. Apt. 135
City, State and ZIP Code: Austin TX 78751

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. _(If more than two, list under PARTICULARS below.)_

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Flight Services & Systems, Inc. | 15+ | |

Street Address: 5005 Rockside Rd 940
City, State and ZIP Code: Cleveland, OH 44131

DISCRIMINATION BASED ON _(Check appropriate box(es).)_

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER _(Specify)_

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: Dec. 2018     Latest: Mar. 2019
☐ CONTINUING ACTION

THE PARTICULARS ARE _(If additional paper is needed, attach extra sheet(s))_:

I began working for Respondent Flight Services & Systems, Inc. ("FSS") around September 2017 as a General Manager before I was promoted to Western Regional Operations Director around February 2018. I was a productive employee with no disciplinary history.

FSS provides various services and staffing/personnel to commercial airline carriers. Respondent Frontier Airlines, Inc. ("Frontier") is one such commercial airline carrier and is among FSS's largest clients. I received training in Frontier's procedures and protocol as part of my employment and worked in close association with Frontier's personnel.

On or about December 4, 2018, David Woodward, Regional Manager for Frontier, outed me as transgender to one of my employees, Megan Gusha. Woodward referred to me as a "he-she" and a "waste of space". On January 7, 2019, Woodward echoed this sentiment to Judy Newel, General Manager. Woodward again told her that I am transgender and a "waste".

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 04/19/2019
Charging Party Signature: _B Soukup_

NOTARY – _When necessary for State and Local Agency Requirements_

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT: _B Soukup_

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
_(month, day, year)_  4/19/19

DANIELLE BRIONES
My Notary ID # 131580868
Expires May 24, 2022

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other Information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>451-2019-02058 |
|---|---|---|

**Texas Workforce Commission Civil Rights Division** and EEOC
*State or local Agency, if any*

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I reported this disparate treatment to Lang Swearingen for FSS, President, and Phil Armstrong, Chief Operations Officer for FSS. Upon information and belief, Respondents took no action; however, both Respondents began acting differently toward me.

On January 21, 2019, I sent a formal written complaint to Frontier's HR, complaining about the above-referenced discrimination. I further sent a copy of this correspondence to FSS.

Soon thereafter, I was informed that FSS was requiring me to accept a transfer to New Orleans, LA. Per a correspondence dated February 25, 2019 from David A. Morris, Human Resources Manager, I had until March 10, 2019 (13 days) to agree to the transfer or else I would be terminated. The same correspondence noted that this decision was "not reflective of [my] performance." However, the transfer also came with a demotion in job title and job responsibilities. Per the terms of the transfer agreement, I would also be placed under a "probationary period", during which time if I failed to meet certain undefined "performance standards and expectations", I would be terminated. When I refused to accept this unwarranted and meritless transfer, demotion, and probation, Respondents terminated me.

I believe I have been discriminated against because of sex in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Texas Labor Code. I also believe I have been retaliated against for opposing unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Texas Labor Code.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>*B Soukup* |
| 04/19/2019        *B Soukup*<br>Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year)<br>4/19/19     DANIELLE BRIONES<br>My Notary ID # 131580868<br>Expires May 24, 2022 |

451-2019-02058

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.