IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BRYNNE SOUKUP, ) | |
|    *Plaintiff*, ) | |
| ) | Civil Action No. 1:20-cv-648-RP |
| ) | |
| v. ) | |
| ) | |
| FRONTIER AIRLINES, INC. and ) | |
| FLIGHT SERVICES & SYSTEMS, LLC, ) | |
|    *Defendants*. ) | |

### DEFENDANT FLIGHT SERVICES & SYSTEMS, LLC'S
### REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

As set forth in Defendant Flight Services & Systems, LLC's ("FSS") Motion to Dismiss, none of the causes of action pled in Plaintiff Brynne Soukup's First Amended Complaint ("First Amended Complaint") state a claim upon which relief can be granted. For the reasons set forth in FSS's Motion and this reply, Plaintiff's First Amended Complaint should thus be dismissed as to FSS.

**I.      Plaintiff has failed to allege that FSS was the joint employer of David Woodard.**

In her Opposition to FSS's Motion to Dismiss, Plaintiff entirely fails to address the threshold question as to FSS's liability, under Title VII and the Texas Commission on Human Rights Act, for the actions of Frontier's employee, David Woodard: Is FSS a joint employer of Woodard such that his actions constitute an unlawful employment practice by FSS? As set forth in Section III of FSS's Motion to Dismiss:

> [a]n employer's liability under Title VII and The Texas Labor Code is based upon principals of agency. *Vance v. Ball State Univ.*, 570 U.S. 421, 428 (2013); *Gardner v. CLC of Pascagoula. L.L.C.,* 915 F.3d 320 (2019). Here, the Amended Complaint states no facts establishing an agency relationship between Woodard and FSS.

> Rather, it establishes only that Frontier was a customer of FSS and that Woodard was solely Frontier's employee.[1]

Not only does Plaintiff fail to establish such an agency relationship, she effectively *concedes* the issue:

> [a]lthough FSS dedicates a significant portion of its Motion to Dismiss arguing that David Woodard is not an employee of FSS and likewise, it cannot be vicariously liable under Title VII for his conduct, **Plaintiff does not presently dispute these points**.[2]

Plaintiff admits that FSS had no employment relationship with Woodard and thus cannot be vicariously liable under Title VII. Instead, Plaintiff argues that some unspecified facts – which she failed to sufficiently plead – permit the inference of FSS's "actual knowledge of Woodard's conduct."[3] Finally, even if such knowledge (absent an agency relationship) were sufficient to impose liability, the First Amended Complaint contains no such allegation nor does it contain any facts from which such an inference may be drawn. The First Amended Complaint must therefore be dismissed as to FSS.

## II. Plaintiff has failed to plead her discrimination claim.

Plaintiff admits that her First Amended Complaint fails to identify, reference, or even allude to any similarly-situated comparator.[4] Although Plaintiff admits, as she must, that this failure has "some relevance" at this motion to dismiss stage,[5] Plaintiff argues that such a failure should not be fatal to her pleading. But the Fifth Circuit has held that a failure to identify a comparator is certainly relevant and is indicative of a failure to plead the essential element that an employer took an adverse employment action "because of" a plaintiff's protected status:

---

[1] ECF No. 19 at p. 3.
[2] ECF No. 22 at p. 10.
[3] ECF No. 22 at p. 11.
[4] ECF No. 22 at p. 3-4.
[5] ECF No. 22 at p. 4.

2

> Ultimately, Chhim fails to plead sufficient facts to make a plausible claim that the University rejected his application for the Building Services Supervisor position *because of* his race, color, or national origin. Chhim's allegations turn on the assertion that the University discriminatorily hired a less qualified, similarly situated applicant over Chhim. However, even taking Chhim's allegations as true and construing them liberally, we cannot draw the reasonable inference that the [University] is liable for the misconduct alleged. Chhim pleads no facts that suggest the applicant hired by the University was less qualified than Chhim or was similarly situated. . . . In sum, Chhim's complaint did not allege any facts, direct or circumstantial, that would suggest [the University's] actions were based on [Chhim's] race or national origin or that [the University] treated similarly situated [applicants] of other races or national origin more favorably.

*Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470-471 (5th Cir. 2016) (internal quotations and citations omitted and emphasis in original). Although FSS cited *Chhim* and its controlling standard in its Motion to Dismiss, Plaintiff did not (and cannot) distinguish it in her Opposition. Notably, Plaintiff's Opposition fails to cite to a single case in which a plaintiff's complaint survived a failure to identify a similarly-situated comparator. In contrast, FSS has cited to several cases dismissing a plaintiff's complaint for such a deficiency—including authority from this Court.[6]

Plaintiff's admitted failure to identify a comparator—whether fatal on its own or not—merely underscores the conclusion that Plaintiff has failed to allege sufficient facts to support an adverse employment taken <u>by FSS</u> "because of" her gender identity. Plaintiff does not dispute that no one at FSS ever disparaged or even referenced her gender identity. Rather, Plaintiff concedes that the lone bad actor identified in her First Amended Complaint, Frontier's Regional Manager Woodard, "is not an employee of FSS, and likewise, [FSS] cannot be vicariously liable under Title

---

[6] *Crankshaw v. City of Elgin & Thomas Mattis,* 2019 U.S. Dist. LEXIS 183500, at *26 (W.D. Tex. Jan. 14, 2019) (Pitman, J.) ("Having failed to allege that her employer treated similarly situated employees outside the protected class more favorably, Crankshaw fails to state a sex-based discrimination claim under Title VII and the TCHRA."); *Williams v. Health Texas Provider Network,* No. 3:16-CV-391-M-BK, 2017 U.S. Dist. LEXIS 92449, at *5 (N.D. Tex. June 1, 2017), *report and recommendation adopted,* 2017 U.S. Dist. LEXIS 92458 (N.D. Tex. June 15, 2017) (dismissing sex-based discrimination claim when plaintiff failed to point to any female comparators treated more favorably than himself).

VII for his conduct[.]"[7] Plaintiff cannot merely allege discriminatory animus displayed by a third-party (Mr. Woodard) over whom FSS has no control and then reach the summary conclusion that FSS took an adverse action "because of" that third-party's animus. Plaintiff has failed to allege any facts to attribute Mr. Woodard's animus to FSS. And this failure is merely underscored by the fact that Plaintiff has failed to identify any comparator whom FSS treated differently than herself.

### III.  Plaintiff has failed to plead her retaliation claim.

Plaintiff's retaliation claim against FSS must fail for similar reasons. Because Woodard was not FSS's employee or agent, his conduct cannot automatically constitute an unlawful employment practice on FSS's part.[8] *Stewart v. Sodexo Remote Site P'Ship*, No. 11-2596, 2013 U.S. Dist. LEXIS 120402, at *18-19 (E.D. La. Aug. 23, 2013), *aff'd*, 2014 U.S. App. Lexis 15608 (5th Cir. Aug. 14, 2014) (in which the plaintiff alleged retaliation for opposing alleged racial comments of her subordinate co-workers about which her employer was not aware and the court held that, "[b]ecause these actions are not attributable to Sodexo [her employer], Stewart's resistance to these actions does not constitute opposition to an unlawful employment practice. As such, these notifications *are not considered protected activity under the purview of Title VII*.") (emphasis added). As noted above, Plaintiff concedes that Woodard is not an FSS employee. Plaintiff has alleged no facts that support any theory of agency or vicarious liability on FSS's part or which support any reasonable inference of such liability. Plaintiff has failed to allege that anyone at FSS either authorized or approved of the third-party remarks of Woodard either before

---

[7] ECF No. 22 at p. 10. Plaintiff has failed to allege that FSS engaged in similar conduct or condoned such actions by Frontier.
[8] ECF No. 19 at p. 6- 7.

4

or after they were made. Absent these allegations, Plaintiff has not sufficiently plead that she engaged in protected activity as required to state her retaliation claim.

Further, Plaintiff's Opposition does not address her failure to provide facts establishing the necessary element of causation, as previously explained in FSS's Motion to Dismiss.[9] In her retaliation claim, Plaintiff alleges that, in January 2019, she complained to "FSS's Leadership" about Woodard's conduct. In response to FSS's Motion to Dismiss, however, she asserts only that:

> [T]he Amended Complaint allows for a reasonable inference that the subsequent adverse employment action resulted from her protected activity. Plaintiff specifies that she filed her complaint in January 2020 [*sic*] and was informed of her demotion, transfer, and probation soon thereafter on February 25, 2019. Moreover, Plaintiff's Amended Complaint specifies that she brought her complaint directly to FSS's management: not a co-worker or a low-level supervisor without supervisory authority, or an individual who may or may not have communicated this information to the ultimate decisionmakers regarding her employment: but the ultimate decisionmakers themselves.[10]

None of these allegations, however, address Plaintiff's pleading deficiencies relative to causation. The person in management to whom her complaint was allegedly made in January 2019 is not identified. Similarly, the person who allegedly transferred her and the person who allegedly terminated her at FSS are not identified. And Plaintiff also fails to assert that any of these persons, other than the unidentified person to whom she complained, even knew of her complaint. To assume that these are all the same person is pure speculation. Moreover, Plaintiff's Opposition fails to address the absence of any pleaded fact asserting the date on which she was terminated. In short, she offers no substantive rebuttal to FSS's arguments regarding causation. The retaliation claim thus fails and must be dismissed.

---

[9] ECF No. 19 at p. 7-8.
[10] ECF No. 22 at p. 6-7.

## IV.     Plaintiff has failed to plead her hostile work environment harassment claim.

### A.     Plaintiff failed to exhaust her administrative remedies with respect to a hostile work environment claim.

In her Opposition, Plaintiff argues that her Charge of Discrimination to the EEOC sufficiently alleged a hostile work environment claim and that, even if it did not, Plaintiff's Rebuttal submitted to the EEOC later placed this claim within the scope of the investigation.[11] Neither argument is persuasive. As set forth in FSS's Motion and as evident from the face of Plaintiff's Charge, the Charge does not reference a hostile work environment, but rather alleges discrete incidents in support of Plaintiff's discrimination and retaliation claims. Thus, her Charge fails to sufficiently allege a hostile work environment claim. *Gates v. Lyondell Petrochem. Co.*, 227 F. App'x 409 (5th Cir. 2007) (per curiam) (finding plaintiff's hostile work environment claim could not grow out of her EEOC charge where "she charged only her employer's discrete acts [of discrimination] . . . and made no mention of a hostile work environment"); *Williams v. City of Richardson*, No. 3:16-CV-2944, 2018 U.S. Dist. LEXIS 154603, at *12-13 (N.D. Tex. Aug. 15, 2018) (holding that plaintiff failed to administratively exhaust his hostile work environment claim where "the Charge does not mention a hostile work environment and identifies only discrete discriminatory acts between September 2015 and April 2016, rather than a continuous pattern").

Moreover, Plaintiff did not otherwise assert a hostile work environment claim at any time during the EEOC's investigation. Although Plaintiff asserts that she made a hostile work environment claim in her Rebuttal to FSS's EEOC Statement of Position, this is not accurate. Plaintiff's Rebuttal does not outline a hostile work environment claim, nor does it include any discussion of the elements of such a claim, such as a reference to "severe and pervasive" conduct. Rather, Plaintiff's sole discussion of a "hostile work environment" is located within quoted

---

[11] ECF No. 22 at p. 7-9.

authority arguing over whether FSS has third-party liability over the bad acts of Frontier's Regional Manager:

> However, even assuming, *in arguendo*, that Respondents are not joint employers, FSS does not escape liability as a matter of law. In its position statement, FSS claims that "Courts have routinely held that employers are not responsible for the acts of third parties who discriminate against employees". This is a misstatement of well-established Title VII law. *See* 29 C.F.R. § 1604.11(e); *Gardner v. CLC of Pascagoula, LLC,* No. 17-60072 (5th Cir. 2018) ("Claims of sexual harassment typically involve the behavior of fellow employees. But not always. Because the ultimate focus of Title VII liability is on the employer's conduct—unless a supervisor is the harasser, a plaintiff needs to show that the employer knew or should have known about the hostile work environment yet allowed it to persist."). Specifically, "[a]n employer who condones or tolerates the creation of [a hostile work] environment should be held liable regardless of whether the environment was created by a co-employee or a nonemployee, since the employer ultimately controls the conditions of the work environment." *Lockard v. Pizza Hut, Inc*., 162 F.3d 1062, 1073 (10th Cir. 1998).[12]

This is insufficient to establish a stand-alone hostile work environment claim, address the elements needed to allege such a claim, or assert facts in support of those elements. As such, Plaintiff's Rebuttal did not raise a hostile work environment claim before the EEOC, as required to now allege such a claim in this lawsuit.

### B. **Plaintiff failed to sufficiently plead "severe or pervasive" harassment or that FSS failed to take prompt remedial action, both of which are required.**

Even assuming that Plaintiff did exhaust her administrative remedies, her hostile work environment claim against FSS still should be dismissed for two, independent reasons. First, Plaintiff has failed to sufficiently plead that the alleged harassment was "'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Crankshaw,* U.S. Dist. LEXIS 183500, at *28 (quoting *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)). In her Opposition, Plaintiff concedes that she has alleged only two,

---

[12] Plaintiff's Rebuttal, ECF No. 22-1 at p. 2.

isolated comments by Mr. Woodard and not by anyone at FSS.[13]  Plaintiff has failed to distinguish, or even address, the case law cited in FSS's Motion to Dismiss that two alleged distasteful but isolated statements over Plaintiff's one and a half years of employment do not rise to the level of "severe or pervasive." *See, e.g., Lee v. Reg'l Nutrition Assistance Inc*., 471 Fed. App'x 310, 311 (5th Cir. 2012) (affirming dismissal based on three separate incidents the court considered "isolated," where a coworker used a racial epithet to refer to plaintiff, the same coworker said that plaintiff's skin "was too dark to be seen without the benefit of sunlight," and another employee drew a tombstone on a chalkboard with "R.I.P" and plaintiff's initials.); *Malin v. Orleans Par. Commc'n Dist*., 718 Fed. App'x 264, 273 (5th Cir. 2018) (upholding a 12(b)(6) dismissal because a reasonable person would not believe that a co-worker describing her sex life six times was severe or pervasive enough to create an actionable hostile work environment).

Moreover, Plaintiff does not dispute that her First Amended Complaint fails to allege facts that FSS knew or should have known of the alleged harassment and failed to take prompt remedial action — which is required to state a plausible hostile work environment claim.[14] *Hernandez v. Yellow Transp., Inc*., 670 F.3d 644, 651 (5th Cir. 2012).  Rather, Plaintiff argues that such facts may come out in discovery: "[a]s this allegation pertains to FSS, Plaintiff anticipates that discovery will further demonstrate its liability for perpetuating said hostile work environment because it: (1) knew about the conduct of Woodard; yet (2) failed to appropriate remedial action."[15]  But such facts do not appear on the face of Plaintiff's First Amended Complaint, and Plaintiff's argument that such facts may (or may not) come out in discovery cannot defeat FSS's Motion to Dismiss. *May v. City of Arlington*, No. 3:16-CV-1674, 2018 U.S. Dist. LEXIS 54189, at *21 (N.D. Tex.

---

[13] ECF No. 22 at p. 11.
[14] ECF No. 22 at p. 10-11.  Plaintiff's First Amended Complaint alleges that she complained to FSS leadership, but not that FSS failed to take prompt remedial action.
[15] ECF No. 22 at p. 11.

Mar. 30, 2018) ("[B]efore proceeding to discovery, a plaintiff must plead enough facts to state a plausible claim for relief."); *Easter v. Caldwell*, No. 14-0967, 2015 U.S. Dist. LEXIS 35239, at *35 (W.D. La. Mar. 20, 2015) ("The implication that there is a deficiency within the 'standard operating procedures' of the City Marshal's Office, that the Plaintiff assures the Court will be uncovered during discovery, fails to state a plausible claim.").

For any of these reasons, Plaintiff has failed to fulfill her burden and sufficiently plead a claim of hostile work environment harassment.

## CONCLUSION

For the reasons set forth herein and in FSS's Motion to Dismiss, Plaintiff has not pled sufficient facts to state a plausible inference for retaliation, discrimination, or hostile work environment against FSS, and FSS is entitled to dismissal of all claims asserted in Plaintiff's First Amended Complaint.

Respectfully Submitted:

CHAFFE McCALL, LLP

*/s/  Sarah Voorhies Myers*
Sarah Voorhies Myers (pro hac vice)
Amy L. McIntire (pro hac vice)
2300 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163
T: (504) 585-7000
F: (504) 544-6092
E: myers@chaffe.com
E: mcintire@chaffe.com

H. Michael Bush
Texas Bar No.24054296
2300 Energy Centre,1100 Poydras Street
New Orleans, LA  70163
T:  (504) 585-7000
F: (504) 544-6042
E: bush@chaffe.com
*Attorneys for Defendant,*
*Flight Services & Systems, LLC*

9

## CERTIFICATE OF SERVICE

    I hereby certify that on this 28th day of October, 2020, a true and correct copy of the foregoing was served by filing the same in this Court's CM/ECF System.

                                          /s/ *Sarah Voorhies Myers*