IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BRYNNE SOUKUP, ) | |
|     *Plaintiff*, ) | |
| ) | Civil Action No. 1:20-cv-648-RP |
| v. ) | |
| ) | |
| FRONTIER AIRLINES, INC. and ) | |
| FLIGHT SERVICES & SYSTEMS, LLC, ) | |
|     *Defendants*. ) | |

**FLIGHT SERVICES & SYSTEMS, LLC'S**
**ANSWER TO FIRST AMENDED COMPLAINT**

Defendant, Flight Services & Systems, LLC ("Defendant" or "FSS"), by and through its counsel, answers the First Amended Complaint and Demand for Jury Trial ("First Amended Complaint") of Plaintiff, Brynne Soukup ("Plaintiff"), as follows:

PARTIES, JURISDICTION, AND VENUE

1.

The allegations contained in Paragraph 1 are a statement of Plaintiff's domicile, to which no response is required. To the extent a response is required, FSS denies the allegations for lack of sufficient information to justify belief therein.

2.

The allegations contained in Paragraph 2 name Frontier Airlines, Inc. as a defendant and pertain exclusively to Frontier Airlines, Inc. Frontier Airlines, Inc. has since been dismissed from this lawsuit and no response is required. To the extent a response is required, FSS denies the allegations for lack of sufficient information to justify belief therein.

1

3.

FSS admits that it is a foreign limited liability company formed and existing under the laws of the State of Ohio, where it operates its corporate headquarters. FSS further admits that it conducted business in this judicial district, contracted to do business in this judicial district, and directly employed residents of this judicial district for employment. But FSS specifically denies the remaining allegations in Paragraph 3, including any violation of the Texas Commission on Human Rights Act ("TCHRA"), Tex. Labor Code §§ 21.051 & 21.055, and/or Title VII of the Civil Rights Act of 1964, as amended ("Title VII") in connection with Plaintiff's employment.

4.

FSS admits that it employed Plaintiff in Austin, Texas, but specifically denies it has violated any laws in connection with Plaintiff's employment.

5.

The allegations contained in Paragraph 5 are a legal conclusion regarding this Court's subject-matter jurisdiction to which no response is required. FSS does not contest this Court's subject-matter jurisdiction, but denies that it has violated any laws in connection with Plaintiff's employment.

6.

The allegations contained in Paragraph 6 are a legal conclusion regarding Plaintiff's exhaustion of administrative remedies to which no response is required. To the extent a response is required, FSS denies that it has violated any laws in connection with Plaintiff's employment and further preserve any and all defenses, including applicable statute of limitation defenses.

7.

The allegations contained in Paragraph 7 are a legal conclusion regarding this Court's venue to which no response is required.  FSS does not contest this Court's venue, but denies that it has violated any laws in connection with Plaintiff's employment.

FACTTUAL BACKGROUND

8.

FSS denies the allegations contained in Paragraph 8 for lack of sufficient information to justify belief therein.

9.

FSS denies the allegations contained in Paragraph 9 for lack of sufficient information to justify belief therein.

10.

FSS admits the allegations contained in Paragraph 10.

11.

FSS admits that Plaintiff was reassigned to the position of Regional Director on or about February 16, 2018, but denies as worded the remaining allegations contained in Paragraph 11.

12.

The allegations contained in Paragraph 12 set forth a joint-employer analysis between FSS and Frontier Airlines, Inc.  Frontier Airlines, Inc. has since been dismissed from this lawsuit and no response is required.  To the extent a response is required, FSS admits that it hired Plaintiff and paid her wages throughout her employment with FSS and that Frontier Airlines, Inc. exerted control over numerous aspects of Plaintiff's employment with FSS.  FSS otherwise

denies the remaining allegations, including that it has violated any laws in connection with Plaintiff's employment.

13.

FSS admits that Frontier's employees interacted with and supervised FSS employees, but denies the remaining allegations in Paragraph 13.

14.

FSS admits that Frontier Airlines, Inc. is FSS's client, but denies the remaining allegations for lack of sufficient information to justify belief therein.

15.

The allegations contained in Paragraph 15 pertain to communications made to Frontier Airlines, Inc. Frontier Airlines, Inc. has since been dismissed from this lawsuit and no response is required. To the extent a response is required, FSS denies the allegations for lack of sufficient information to justify belief therein.

16.

FSS admits that Plaintiff communicated a complaint about Frontier Airlines, Inc.'s Regional Manager to FSS, but denies as worded the remaining allegations in Paragraph 16.

17.

The allegations contained in Paragraph 17 pertain to actions taken by Frontier Airlines, Inc. Frontier Airlines, Inc. has since been dismissed from this lawsuit and no response is required. To the extent a response is required, FSS denies as worded the allegations contained in Paragraph 17.

18.

The allegations contained in Paragraph 18 pertain to actions taken by Frontier Airlines, Inc. Frontier Airlines, Inc. has since been dismissed from this lawsuit and no response is required. To the extent a response is required, FSS denies as worded the allegations in Paragraph 18.

19.

The allegations contained in Paragraph 19 pertain to actions taken by Frontier Airlines, Inc. Frontier Airlines, Inc. has since been dismissed from this lawsuit and no response is required. To the extent a response is required, FSS denies the allegations for lack of sufficient information to justify belief therein.

20.

The allegations contained in Paragraph 20 pertain to actions taken by Frontier Airlines, Inc. Frontier Airlines, Inc. has since been dismissed from this lawsuit and no response is required. To the extent a response is required, FSS denies the allegations for lack of sufficient information to justify belief therein.

21.

FSS denies as worded the allegations contained in Paragraph 21 and otherwise denies that it has violated any laws in connection with Plaintiff's employment.

22.

FSS denies as worded the allegations contained in Paragraph 22 and otherwise denies that it has violated any laws in connection with Plaintiff's employment.

23.

FSS denies as worded the allegations contained in Paragraph 23 and otherwise denies that it has violated any laws in connection with Plaintiff's employment.

## CAUSES OF ACTION

### Count 1: Gender Identity Discrimination under TEX. LAB. CODE § 21.051

24.

The allegations contained in Paragraph 24 merely reincorporate the allegations of Paragraphs 1-22 and require no response. To the extent a response is required, FSS reincorporates its responses made herein to Paragraphs 1-22.

25.

The allegations contained in Paragraph 25 amount to a statement of law concerning Plaintiff's claim, to which no response is required. To the extent a response is required, FSS denies that it has violated any laws in connection with Plaintiff's employment.

26.

The allegations contained in Paragraph 26 amount to a statement of law concerning Plaintiff's claim, to which no response is required. To the extent a response is required, FSS denies that it has violated any laws in connection with Plaintiff's employment.

27.

The allegations contained in Paragraph 27 amount to a statement of law concerning Plaintiff's claim, to which no response is required. To the extent a response is required, FSS denies that it has violated any laws in connection with Plaintiff's employment.

4061421-1

28.

The allegations contained in Paragraph 28 amount to a statement of law concerning an essential element of Plaintiff's claim, to which no response is required. To the extent a response is required, FSS denies that it has violated any laws in connection with Plaintiff's employment.

29.

The allegations contained in Paragraph 29 amount to a statement of law concerning an essential element of Plaintiff's claim, to which no response is required. To the extent a response is required, FSS denies that it has violated any laws in connection with Plaintiff's employment.

30.

FSS denies the allegations contained in Paragraph 30.

31.

FSS denies the allegations contained in Paragraph 31.

32.

FSS denies the allegations contained in Paragraph 32.

## Count 2: Retaliation under TEX. LAB. CODE § 21.055

33.

The allegations contained in Paragraph 33 merely reincorporate the allegations of Paragraphs 1-22 and require no response. To the extent a response is required, FSS reincorporates its responses made herein to Paragraphs 1-22.

34.

The allegations contained in Paragraph 34 amount to a statement of law concerning an essential element of Plaintiff's claim, to which no response is required. To the extent a response is required, FSS denies that it has violated any laws in connection with Plaintiff's employment.

35.

The allegations contained in Paragraph 35 amount to a statement of law concerning an essential element of Plaintiff's claim, to which no response is required. To the extent a response is required, FSS denies that it has violated any laws in connection with Plaintiff's employment.

36.

FSS denies the allegations contained in Paragraph 36.

37.

FSS denies the allegations contained in Paragraph 37.

38.

FSS denies the allegations contained in Paragraph 38.

39.

FSS denies the allegations contained in Paragraph 39.

<u>Count 3: Gender Identify Discrimination under Title VII</u>

40.

The allegations contained in Paragraph 40 reincorporate the allegations of Paragraphs 1-22 and require no response. To the extent a response is required, FSS reincorporates its responses made herein to Paragraphs 1-22. The allegations contained in Paragraph 41 further mount to a statement of law concerning Plaintiff's claim, to which no response is required. To the extent a response is required, FSS denies that it has violated any laws in connection with Plaintiff's employment.

4061421-1

41.

The allegations contained in Paragraph 41 amount to a statement of law concerning Plaintiff's claim, to which no response is required. To the extent a response is required, FSS denies that it has violated any laws in connection with Plaintiff's employment.

42.

The allegations contained in Paragraph 42 amount to a statement of law concerning Plaintiff's claim, to which no response is required. To the extent a response is required, FSS denies that it has violated any laws in connection with Plaintiff's employment.

43.

The allegations contained in Paragraph 43 amount to a statement of law concerning an essential element of Plaintiff's claim, to which no response is required. To the extent a response is required, FSS denies that it has violated any laws in connection with Plaintiff's employment.

44.

The allegations contained in Paragraph 44 amount to a statement of law concerning an essential element of Plaintiff's claim, to which no response is required. To the extent a response is required, FSS denies that it has violated any laws in connection with Plaintiff's employment.

45.

FSS denies the allegations contained in Paragraph 45.

46.

FSS denies the allegations contained in Paragraph 46.

47.

FSS denies the allegations contained in Paragraph 47.

Count 4: Retaliation under Title VII

48.

The allegations contained in Paragraph 48 merely reincorporate the allegations of Paragraphs 1-22 and require no response. To the extent a response is required, FSS reincorporates its responses made herein to Paragraphs 1-22.

49.

The allegations contained in Paragraph 49 amount to a statement of law concerning an essential element of Plaintiff's claim, to which no response is required. To the extent a response is required, FSS denies that it has violated any laws in connection with Plaintiff's employment.

50.

The allegations contained in Paragraph 50 amount to a statement of law concerning an essential element of Plaintiff's claim, to which no response is required. To the extent a response is required, FSS denies that it has violated any laws in connection with Plaintiff's employment.

51.

FSS denies the allegations contained in Paragraph 51.

52.

FSS denies the allegations contained in Paragraph 52.

53.

FSS denies the allegations contained in Paragraph 53.

54.

FSS denies the allegations contained in Paragraph 54.

## JOINT EMPLOYERS

55.

The allegations contained in Paragraph 55 set forth a conclusion of law stating that Frontier Airlines, Inc. was a joint employer with FSS. Frontier Airlines, Inc. has since been dismissed from this lawsuit and no response is required. To the extent a response is required, FSS admits Frontier Airlines, Inc. exerted control over numerous aspects of Plaintiff's employment with FSS. FSS otherwise denies that it has violated any laws in connection with Plaintiff's employment.

56.

FSS admits that it hired Plaintiff and paid her wages throughout her employment with FSS. FSS otherwise denies the remaining allegations in Paragraph 56, including that it has violated any laws in connection with Plaintiff's employment.

57.

FSS admits Frontier Airlines, Inc. exerted control over numerous aspects of Plaintiff's employment with FSS. FSS otherwise denies that it has violated any laws in connection with Plaintiff's employment.

## DAMAGES

58.

FSS denies the allegations contained in Paragraph 58.

59.

FSS denies the allegations contained in Paragraph 59.

60.

FSS denies the allegations contained in Paragraph 60.

4061421-1

61.

FSS denies the allegations contained in Paragraph 61.

## ATTORNEY'S FEES

62.

The allegations contained in Paragraph 62 set forth a conclusion of law concerning attorneys' fees and experts' fees, to which no response is required. To the extent a response is required, FSS denies that is liable for Plaintiff's attorneys' fees and expert fees and otherwise denies that it has violated any laws in connection with Plaintiff's employment.

63.

The allegations contained in Paragraph 63 set forth a conclusion of law concerning attorneys' fees and experts' fees, to which no response is required. To the extent a response is required, FSS denies that is liable for Plaintiff's attorneys' fees and expert fees and otherwise denies that it has violated any laws in connection with Plaintiff's employment.

64.

The allegations contained in Paragraph 64 set forth a conclusion of law concerning litigation costs, to which no response is required. To the extent a response is required, FSS denies that is liable for Plaintiff's litigation costs and otherwise denies that it has violated any laws in connection with Plaintiff's employment.

## JURY DEMAND

65.

The allegations contained in Paragraph 65 contain a jury demand by Plaintiff, to which no response is required.

## PRAYER

66.

The allegations contained in Paragraph 66 contain a prayer for relief by Plaintiff to which no answer is required. To the extent a response is required, FSS specifically denies that it has violated any law in connection with Plaintiff's employment and/or that Plaintiff is entitled to any alleged remedies.

67.

The allegations contained in Paragraph 67 contain a prayer for relief by Plaintiff to which no answer is required. To the extent a response is required, FSS specifically denies that it has violated any law in connection with Plaintiff's employment and/or that Plaintiff is entitled to any alleged remedies.

68.

The allegations contained in Paragraph 68 contain a prayer for relief by Plaintiff to which no answer is required. To the extent a response is required, FSS specifically denies that it has violated any law in connection with Plaintiff's employment and/or that Plaintiff is entitled to any alleged remedies.

69.

The allegations contained in Paragraph 69 contain a prayer for relief by Plaintiff to which no answer is required. To the extent a response is required, FSS specifically denies that it has violated any law in connection with Plaintiff's employment and/or that Plaintiff is entitled to any alleged remedies.

70.

The allegations contained in Paragraph 70 contain a prayer for relief by Plaintiff to which no answer is required. To the extent a response is required, FSS specifically denies that it has violated any law in connection with Plaintiff's employment and/or that Plaintiff is entitled to any alleged remedies.

71.

The allegations contained in Paragraph 71 contain a prayer for relief by Plaintiff to which no answer is required. To the extent a response is required, FSS specifically denies that it has violated any law in connection with Plaintiff's employment and/or that Plaintiff is entitled to any alleged remedies.

FSS specifically denies each and every other allegation in Plaintiff's First Amended Complaint not heretofore specifically admitted.

FURTHER ANSWERING, Defendant, FSS, invokes and relies upon the following defenses, **retaining the right to amend or supplement these defenses throughout the remainder of this litigation**. Because discovery is ongoing, the following defenses are asserted in good faith and to ensure that they are not waived:

### FIRST DEFENSE

The allegations of the First Amended Complaint fail to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

All actions taken and decisions made by FSS were based on legitimate business or other valid reasons, and all such decisions were made in good faith and without malice or discriminatory motive. Plaintiff was treated like any other similarly-situated employee, in

accordance with lawful, uniform policies, procedures, rules, and practices, and any decision by FSS was not based upon Plaintiff's sex or gender identity.

### THIRD DEFENSE

FSS exercised reasonable care to prevent and promptly correct any discrimination in the workplace, and, when appropriate, FSS took prompt, effective action in response to any such complaints.  Further, Plaintiff unreasonably failed to take advantage of the preventive measures provided by FSS.

### FOURTH DEFENSE

Plaintiff's separation of employment was lawful and in accordance with the principle of at-will employment, as well as any other applicable principles of controlling law.  Any and all decisions or actions by FSS with regard to Plaintiff were undertaken without regard for Plaintiff's sex or gender identity in accordance with applicable law.

### FIFTH DEFENSE

Plaintiff cannot establish a claim of sex or gender identity discrimination for several reasons, including (without limitation) that: Plaintiff was not qualified for her position; Plaintiff was not treated differently than other similarly-situated employees; Plaintiff's alleged comparators are not similarly situated; Plaintiff's termination was the result of business and economic circumstances; Plaintiff's position was eliminated; and there exists no causal connection.

### SIXTH DEFENSE

Plaintiff cannot establish a claim for retaliation for several reasons, including (without limitation) that: Plaintiff did not engage in protected activity; Plaintiff did not suffer an adverse employment action; and there exists no causal connection.

### SEVENTH DEFENSE

Plaintiff has failed to properly exhaust her administrative remedies in advance of filing this lawsuit.

### EIGHTH DEFENSE

In the event that Plaintiff's sex or gender identity is deemed to be a motivating factor in the challenged employment decision (it was not), Defendant would nonetheless have made the same decision.

### NINTH DEFENSE

The bad actor identified in Plaintiff's First Amended Complaint was and is not an employee of FSS and is not within the control of FSS.

### TENTH DEFENSE

Plaintiff's claims against FSS are equitably barred, including (without limitation) by the doctrine of unclean hands.

### ELEVENTH DEFENSE

Plaintiff has failed to mitigate, or reasonably attempt to mitigate, her damages, if any she has.

### TWELFTH DEFENSE

Under the circumstances of this case, an award of compensation and/or punitive damages would be improper and unconstitutional.

### THIRTEENTH DEFENSE

Any and all actual damages sustained by Plaintiff are solely the result of her own negligence and/or intentional act, and/or the negligence or intentional acts of others for whom Defendant has no liability.

<u>FOURTEENTH DEFENSE</u>

The claims alleged in Plaintiff's Amended Complaint are barred to the extent that they exceed the scope of the claims set forth in Plaintiff's EEOC Charge.

<u>FIFTEENTH DEFENSE</u>

Plaintiff's claims and her alleged damages are limited pursuant to the after-acquired evidence rule.

WHEREFORE, Defendant prays that Plaintiff's First Amended Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant for its costs expended hereto, including attorneys' fees, and for all such other relief as the Court deems appropriate.

Respectfully Submitted:

CHAFFE McCALL, LLP

*Sarah V. Myers*
Sarah Voorhies Myers (pro hac vice)
Amy L. McIntire (pro hac vice)
2300 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163
T: (504) 585-7000
F: (504) 544-6092
E: myers@chaffe.com
E: mcintire@chaffe.com

H. Michael Bush
Texas Bar No.24054296
2300 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163
T: (504) 585-7000
F: (504) 544-6042
E: bush@chaffe.com
*Attorneys for Defendant,*
*Flight Services & Systems, LLC*

4061421-1